UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE and CRAIG F., as heirs of MICHAEL F.,[1]<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,[2]<br><br>Defendant. | Case No.: 22-cv-1394-DEB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[DKT. NO. 22]** |

Before the Court is Plaintiffs' Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 22. Neither Plaintiffs nor the Commissioner oppose the Motion. *See* Dkt. No. 23. For the reasons discussed below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

Plaintiffs Felice and Craig F. filed this case in 2022, seeking review of the Commissioner of Social Security's ("Commissioner") denial of their heir's application for

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

[2] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

disability insurance benefits. Dkt. No. 1. The Court remanded the case for further proceedings pursuant to the parties' joint motion for voluntary remand. Dkt. No. 18. Pursuant to the parties' joint motion, the Court awarded Plaintiff $2,622.34 in attorney fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 21. An EAJA fee award of $4761.45 was also awarded to Plaintiffs' counsel in a related, previous remand of the Commissioner's denial of benefits. Dkt. No. 22 at 5–6.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $93,723.00 in past-due disability benefits. Dkt. No. 22 at 2. The Commissioner withheld $23,430.75 from the past-due benefits in the event Plaintiff's counsel requested payment of fees. Dkt. No. 22 at 5.

## II.   LEGAL STANDARD

Pursuant to the Social Security Act, attorneys may seek "a reasonable fee" for cases in which they have successfully represented Social Security claimants. 42 U.S.C. § 406(b)(1)(A). This fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court also "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted).

Finally, the Court must offset the § 406(b) fee award by any fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions

[i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

### III.  DISCUSSION

Plaintiff's counsel seeks $23,430.75 in attorney fees, offset by the $7,383.79 EAJA fees, for a net award of $16,046.96. Dkt. No. 22 at 6.[3] The Court has conducted an independent inquiry of the proposed fee award and finds it is reasonable and does not constitute a windfall.

Plaintiff and counsel agreed to a contingent-fee agreement where counsel receives twenty-five percent of Plaintiff's past-due benefits. Dkt. No. 22 at 9–11. Counsel is requesting attorney fees of $23,430.75, the maximum allowed under the contingency agreement and 42 U.S.C. § 406(b). Dkt. No. 22 at 6–9.[4] Counsel's representation resulted in Plaintiff receiving a favorable decision and an award of past-due benefits. Counsel also "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" the case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

Finally, the Court does not find any reduction is warranted. *See Crawford*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citation omitted). There is no evidence of substandard performance or delay, and the requested fees are "not excessively large in relation to the benefits achieved" or the "time spent on the case." *Id.* Counsel expended 30.64 hours (at $538/hour) on this case, along with paralegal time of

---

[3] Counsel received EAJA fees from two related cases, one from 2019, and the other in 2023, for a total of $7,383.79. Dkt. No. 22 at 6.

[4] Counsel's motion states conflicting amounts of $23,430.75 and $23,450.75. The Court uses the former amount because it represents twenty-five percent of the award.

6.45 hours, at $239/hour, rendering a baseline lodestar amount of $18,025.87. Dkt. No. 22 at 13–14. Those effective hourly rates are reasonable. *See Crawford*, 586 F.3d at 1153 (finding reasonable effective hourly rates of $519, $875, and $902).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $23,430.75. Dkt. No. 22.

The Commissioner is **DIRECTED** to certify payment of a **$23,430.75** fee award, made payable to Rohlfing Law Firm, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$7,383.79** to offset the EAJA fees previously awarded ($4761.45 in the 2019 case and $2622.34 in the 2023 case).

**IT IS SO ORDERED.**

Dated:  November 27, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge